Ahren A. Tiller Esq. [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone: (619) 894-8831
Facsimile: (866) 444-7026
Email: Ahren.Tiller@blc-sd.com

Attorneys for Plaintiff
SARA DAVENPORT

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA DAVENPORT<br><br>　　　　Plaintiff,<br><br>vs.<br><br>R.M. GALICIA, INC. D/B/A PROGRESSIVE MANAGEMENT SYSTEMS<br><br>　　　　Defendant, | Case No.: '23CV1181 AJB AHG<br><br>**COMPLAINT FOR DAMAGES FOR (1) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32); (2) VIOLATIONS OF THE FDCPA (15 U.S.C. § 1692 *ET. SEQ.);* AND (3) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES
### INTRODUCTION

1. SARA DAVENPORT (hereinafter referred to as "Plaintiff"), by and through her Counsel of record, brings this action against R.M. GALICIA, INC. D/B/A PROGRESSIVE MANAGEMENT SYSTEMS (hereinafter referred to as "PMS" or "Defendant") pertaining to actions by Defendant to unlawfully collect a debt allegedly owed by Plaintiff, including but not limited to, collection via the use of an Automated Telephone Dialing System ("ATDS") and/or Artificial or

Prerecorded Voice in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act Cal. Civ. C. §§ 1788-1788.32 ("RFDCPA"), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

3. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system. The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others. The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.[2] Cal. Civ. Code § 1877.17 incorporates the FDCPA into the RFDCPA, by stating that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt

---

[1] 15 U.S.C. § 1692
[2] CA Civil Code §§ 1788.1(a)-(b)

1  Collection Practices Act, sections 1692b to 1692j, inclusive, of, and shall be
2  subject to the remedies in Section 1692k of, Title 15 of the United States Code.
3  4. The Telephone Consumer Protections Act (hereinafter referred to as "the TCPA")
4  was designed to prevent calls like the ones described within this complaint, and to
5  protect the privacy of citizens like Plaintiff.  "Voluminous consumer complaints
6  about abuses of telephone technology – for example, computerized calls
7  dispatched to private homes – prompted Congress to pass the TCPA." *Mims v.*
8  *Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).
9  5. In enacting the TCPA, Congress specifically found that "the evidence presented to
10  Congress indicates that automated or prerecorded calls are a nuisance and an
11  invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13.  See also,
12  *Mims,* 132 S. Ct., at 744.
13  6. As the Ninth Circuit stated in *Henderson v. United Student Aid Funds, Inc*.:

> Under the TCPA, it is unlawful to "to make any call (other than . . . with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). Telemarketers, debt collectors, and others obtain phone numbers consumers did not consent to be called on through skip tracing. Because consumers did not provide … "prior express consent" to be called on those numbers. Therefore, if the numbers were also auto dialed, the calls violated the TCPA. 47 U.S.C. § 227(b)(1)(A)(iii).
>
> *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1071-72 (9th Cir. 2019).

22  7. Plaintiff makes the allegations contained herein on information and belief, except
23  as to those allegations regarding himself, which are made and based upon personal
24  knowledge.

## JURISDICTION AND VENUE

26  8. This action is based on Defendant's violations of the RFDCPA found in California
27  Civil Code §§ 1788 - 1788.32; the FDCPA found in 15 U.S.C. § 1692 *et. seq.*; and
28  the TCPA found in Title 47 of the United States Code Section 227, *et seq.*

9. This Court has jurisdiction over Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under both the FDCPA and TCPA.

10. This Court further has supplemental jurisdiction over Plaintiff's California Causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's Federal TCPA claims in this action, that they form part of the same case or controversy.

11. The unlawful practices alleged herein occurred in California, in the County of San Diego and violated California's Civil Code §§ 1788 - 1788.32.

12. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California.  Furthermore, Defendant regularly conduct business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.  Both Defendant are registered with the CA Secretary of State to do business in California.

**PARTIES**

13. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

15. Defendant PMS is a privately held debt collection company with its headquarters located in West Covina, CA.  Defendant PMS is, and was at all times relevant herein, a debt collector licensed by the CA Department of Financial Protection and Innovation.

16. Defendant PMS is a debt collection and factoring company that regularly

attempts to collect, on behalf of itself and other parties, using mails, electronic communications, and the telephone, "consumer debts" allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).

17. When individuals owe clients of Defendant PMS for consumer debt obligations, Defendant PMS collects on those consumer debts allegedly owed to its clients through the mail, electronic communications, and via the telephone. Therefore, Defendant PMS is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c) and 15 U.S.C. § 1692a(6) and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

18. Defendant is, and all times mentioned herein, was a corporation and a "person," as defined by 47 U.S.C. § 153(39).

19. When individuals owe PMS's clients debts for consumer loans, bills, credit cards, and other similar obligations, PMS collects on those consumer debts allegedly owed to its clients using the mail, electronic communications, and the via the telephone. Therefore, PMS is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c) and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

20. Cal. Civ. Code § 1877.17 states that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt Collection Practices Act, sections 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code.

21. At all times relevant hereto, Defendant used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff's cellular telephone using an automated or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. § 227(b)(1)(A).

22. This case involves money, property, or their equivalent, due or owing, or alleged to be due or owing from a natural person by reason of a "consumer credit

transaction." Thus, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

## GENERAL ALLEGATIONS

23. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

24. On or about February of 2020, Sharp Healthcare retained Defendant PMS to collect on a delinquent medical services debt allegedly owed by Plaintiff ("Debt"). The Debt was originally taken out for, and used for, personal and household expenses.

25. Upon being retained to collect on the Debt, agents for PMS began calling Plaintiff multiple times and requested payment using an ATDS and/or a Recorded Voice, often as many as twice per day, sometimes every day.

26. The collection calls were made to Plaintiff's cellular telephone.

27. Plaintiff sought out and retained an attorney to represent her with regards to the Debt being collected upon by Defendant PMS.

28. On October 26, 2022, an associate attorney at BLC Law Center, APC drafted and submitted for mailing a Cease-and-Desist letter, whereby Plaintiff's Attorney stated in writing that Plaintiff was revoking consent to call her via the use of an ATDS and/or Recorded Voice, that Plaintiff had retained Counsel, and that PMS needed to cease calling Plaintiff pursuant to the RFDCPA ("Letter"). The Letter referenced the last four digits of Plaintiff's social security number next to her name to help PMS identify the Plaintiff's account.

29. The Letter informed PMS that Plaintiff was represented by Counsel and thus constituted written notice pursuant to 15 U.S.C. § 1692c(a)(2) and Cal. Civ. Code §§ 1788.14(c) that Plaintiff was represented by an attorney with respect to any and all debts allegedly owed to or serviced by Defendant, and request was thereby made that all communications regarding this alleged consumer debt must be directed exclusively to Plaintiff's attorney, and the Letter clearly revoked any

prior consent to contact Plaintiff via the use of an automated dialing system, text, or other method, including but not limited to calls with a pre-recorded or automated voice messages.

30. The October 26, 2022 Letter was sent via Docsmit. Docsmit is a third-party company with no relation to Plaintiff or her Counsel. Docsmit's sole business is the sending of mail on behalf of customers. Docsmit provides a certificate of mailing and identifies the exact time a letter was sent.

31. Docsmit sent the October 26, 2022 Letter to:

> Progressive Management Systems
> 1521 West Cameron Ave First Floor
> West Covina, CA 91790

32. The October 26, 2022 Letter was submitted by Plaintiff's Counsel to Docsmit on October 26, 2022, at 7:52 PM EDT.

33. Docsmit's certificate of mailing reflects that Docsmit sent the Letter via USPS First Class mail on October 27, 2022, at 12:00 AM EDT. Included with the certification of mailing, Docsmit stated:

> *"The information herein is certified by Docsmit.com, Inc. ("Docsmit") to be true and accurate as of the date and time this report was generated. All of the records relating to this communication were made at times proximate to those indicated. Docsmit has not permitted any of the parties hereto to modify the records."*

34. The address the October 26, 2022 Letter was sent to, is the address for credit accounts identified on PMS's website as the appropriate address listed for mailed correspondences.

35. Therefore, PMS received the October 26, 2022 Letter.

36. However, despite receipt of the October 26, 2022 Letter referenced above, which states that Plaintiff had revoked consent to be called via an ATDS and had retained counsel regarding the subject debts, representatives of PMS have continued to call Plaintiff more than one-hundred eighty (180) times since October 26, 2022, on her cellular telephone via the use of and ATDS and/or Pre-Recorded Voice messages.

37. Defendant PMS called from a number identified on Plaintiff's Caller ID as: (866) 767-2296, among others.

38. Plaintiff alleges that PMS called Plaintiff in excess of one-hundred eighty (180) times total, more than 2-3 times in a single day, and often more than seven (7) times per week, based on her recollection of the frequency of calls, as well as the records of calls that she has in her possession.

39. PMS, or its agents or representatives, have contacted Plaintiff on her cellular telephone over one-hundred eighty (180) times since October 26, 2022, including using an ATDS and/or Recorded voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

40. Furthermore, some of PMS's calls to Plaintiff after receiving the letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

41. On a number of occasions, Plaintiff answered the phone and spoke to agents who stated they were calling regarding her outstanding debt for her CITI Card.

42. On a number of occasions, Plaintiff answered the Phone and there was a delay before the line made a sound, indicative of the use of an ATDS. Furthermore, on a number of occasions, a pre-recorded voice came on the line.

43. The multiple calls made by PMS or its agents after October 26, 2022, were therefore made in violation of 47 U.S.C. § 227(b)(1).

44. Despite receipt of Plaintiff's Attorney's Letter sent to Defendant's mailing address, instructing Defendant to cease calling Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, which provided irrefutable notice that Plaintiff had revoked consent to call her cellular telephone by any means and that she had retained Counsel regarding these alleged debts, Defendant PMS continues to contact Plaintiff repeatedly to date.

45. As a result of Defendant's unfair, oppressive and abusive conduct in connection with their debt collection activity, Plaintiff was misled, confused, and has suffered mental anguish by way of stress and frustration. Plaintiff was also

inconvenienced and lost time due to Defendant's harassing and unlawful collection practices. Thus, Plaintiff suffered actual damages as a result.

# CAUSES OF ACTION

## I.

## FIRST CAUSE OF ACTION

### Violations of the Fair Debt Collection Practices Act

### (15 U.S.C. § 1692 *et. seq.*)

46. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

47. 15 U.S.C. § 1692d(5) provides in pertinent part,

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number

48. Further, 15 U.S.C. § 1692c(a)(2) states in pertinent part,

> (a) Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt… (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;…

49. When Plaintiff's Counsel sent the October 26, 2022, to Defendant PMS, PMS was actually aware, or reasonably should have been aware, that Plaintiff was

represented by an attorney.

50. By calling Plaintiff on her cellular phone over one-hundred eighty (180) times after receipt of the October 26, 2022 Letter from Plaintiff's Counsel, Defendant violated 15 U.S.C. § 1692d(5).

51. By sending collection text messages to Plaintiff to collect on the Debt multiple times after receipt of the October 26, 2022 Letter from Plaintiff's Counsel, Defendant violated 15 U.S.C. § 1692d(5).

52. As a result of the constant collection calls by Defendant PMS, Plaintiff has experienced anxiety, irritability, and has at times been unable to calm down as the constant and harassing collection calls by Defendan PMS are overwhelming. Therefore, Plaintiff has suffered emotional distress as a result of Defendant' violations of 15 U.S.C. § 1692 *et. seq*.

53. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

## II.

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

**(Cal. Civ. C. § 1788.14 *et. seq.*)**

54. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary

course of business to a debtor's inquiry.

55. When Plaintiff's Counsel sent the October 26, 2022, Letter to Defendant PMS, Defendant PMS was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

56. By calling Plaintiff on her cellular phone over one-hundred eighty (180) times after receipt of the October 26, 2022, Letter from Plaintiff's Counsel, Defendant violated Cal. Civ. Code §1788.14(c).

57. By sending collection text messages to Plaintiff multiple times after receipt of the October 26, 2022, Letter from Plaintiff's Counsel, Defendant violated Cal. Civ. Code §1788.14(c).

58. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

59. Further, as stated previous, Cal. Civ. C. § 1788.17 incorporates the FDCPA into the Rosenthal Fair Debt Collection Practices Act, therefore if an individual violated 15 U.S.C. § 1692(d), they in turn violate the RFDCPA.

60. 15 U.S.C. § 1692d(5) provides in pertinent part,

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number

61. Therefore, Defendant PMS's acts of calling Plaintiff over one-hundred eighty (180) times was a separate violation of 15 U.S.C. § 1692d(5), which is incoporated into the RFDCPA via Cal. Civ. C. § 1788.17.

62. As a result of the constant collection calls by Defendant PMS, Plaintiff has experienced anxiety, irritability, and has at times been unable to calm down as the constant and harassing collection calls by Defendan PMS are overwhelming.

Therefore, Plaintiff has suffered emotional distress as a result of Defendant' violations of Cal. Civ. C. § 1788 *et. seq.*

63. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

## III.
## THIRD CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TCPA
**(47 U.S.C. § 227 *et. seq.*)**

64. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

65. Through the October 26, 2022 Letter sent by Plaintiff's Counsel, Plaintiff revoked any alleged consent for PMS or its agents or representatives to call Plaintiff on her cellular telephone via the use of an ATDS and/or Recorded Voice, or by text message.

66. The foregoing acts and omissions of PMS constitutes numerous and multiple negligent violations of the TCPA, including but not limited to every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

67. As a result of PMS's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

68. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

IV.

FOURTH CAUSE OF ACTION

Knowing and/or Willful Violations of the TCPA

(47 U.S.C. § 227 *et. seq.*)

69. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

70. Through the October 26, 2022 Letter sent by Plaintiff's Counsel to PMS's corporate headquarters, Plaintiff revoked any alleged consent for the PMS or its agents or representatives to call Plaintiff on her cellular telephone via the use of an ATDS and/or Recorded Voice, or by text message.

71. The foregoing acts of PMS constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

72. Therefore, since PMS or its agents or representatives continued to call Plaintiff despite indisputably being informed not to call Plaintiff, and after being indisputably informed that Plaintiff had revoked any alleged prior consent to call Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, PMS's acts were willful.

73. As a result of PMS's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, the Plaintiff is entitled to an award of $1,500 in statutory damages for every one of PMS's over One-hundred eighty (180) knowing and/or willful violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C).

74. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant R.M. GALICIA, INC. D/B/A PROGRESSIVE MANAGEMENT

1  SYSTEMS herein, respectfully request this Court enter a Judgment against
2  Defendant as follows:
3  a. As to the First Cause of Action, an award of actual damages pursuant to 15 U.S.C.
4  § 1692k(a)(1) and statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
5  b. As to the First Cause of Action, an award of reasonable attorney's fees and costs
6  pursuant to 15 U.S.C. § 1692k(a)(3);
7  c. As to the Second Cause of Action, an award of actual damages Cal. Civ. Code
8  §1788.30(a) and statutory damages pursuant to Cal. Civ. Code § 1788.30(b);
9  d. As to the Second Cause of Action, an award of reasonable attorney's fees and
10  costs pursuant to Cal. Civ. Code § 1788.30(c);
11  e. As to the Third Cause of Action, $500 in statutory damages for each and every
12  one of Defendant's negligent violations of 47 U.S.C. §227(b)(1);
13  f. As to the Fourth Cause of Action, $1,500.00 in statutory damages for each and
14  every one of Defendant's knowing and/or willful violations of 47 U.S.C. §
15  227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(C);
16  g. Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. §
17  227(b)(3)(A);
18  h. For such other and further relief as the Court may deem just and proper.

Dated: June 26, 2023              By:    BLC Law Center, APC

                                         *s/ Ahren A. Tiller*
                                         Email: ahren.tiller@blc-sd.com

                                         Ahren A. Tiller, Esq.
                                         Attorney for Plaintiff

# DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by a jury.

Dated: June 26, 2023     By:   BLC Law Center, APC

*s/ Ahren A. Tiller*
Email: ahren.tiller@blc-sd.com

Ahren A. Tiller, Esq.
Attorney for Plaintiff

*Sara Davenport v. R.M. Galicia, Inc. D/B/A Progressive Management Systems - Complaint For Damages*